UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IQBAL N. SULEHRIA,

                Plaintiff,

   -against-                              1:12-CV-0021 (LEK/ATB)

THE STATE OF NEW YORK,
*et al.,*

                Defendant.

**DECISION AND ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on February 8, 2012 by the Honorable Andrew T. Baxter, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York.  Report-Rec. (Dkt. No. 4).  After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Iqbal N. Sulehria, which were filed February 21, 2012.  Objections (Dkt. No. 5).

**II.    STANDARD OF REVIEW**

This Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b).  Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error."  Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No.

95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court has considered the objections and reviewed the record and has determined that the Report-Recommendation should be approved and adopted in its entirety for the reasons stated herein.

### III.   DISCUSSION

Plaintiff raises two primary arguments in his Objections. First, Plaintiff asserts that his claims were "sufficiently pleaded to satisfy the liberal notice pleading rules" applicable to *pro se* plaintiffs in civil rights actions. Obj. at 1-3. Second, he argues that, even if his claims were deficient, he should be granted an opportunity to amend them because: (1) he was not engaged in a bad faith effort to delay proceedings; (2) his amendments would not unduly prejudice Defendants; and (3) his proposed amendments are not futile. Obj. at 3-5. For the reasons given below, the Court rejects each of these arguments.

#### A. Insufficiency of Pleading

While Plaintiff is certainly correct that the Court must liberally construe a complaint in a civil rights action, see Jones v. Bock, 549 U.S. 199, 213 (2007), particularly one filed by a *pro se* plaintiff, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), Plaintiff's vaguely-drawn claims do not satisfy the applicable notice pleading rules. Plaintiff begins his Complaint by alleging that he has been the victim of racial prejudice, xenophobia, and religious intolerance in the wake of the September 11, 2001. Complaint. Dkt. No. 1 at ¶ 7. His account of the climate of discrimination and fear felt by many Muslim Americans and individuals of Middle Eastern descent is unfortunately

not a new one;[1] however, after this initial description of a hostile environment, Plaintiff fails to state any facts or to mention specific situations that lend support to his legal claims or that add substance to general statements about discrimination post 9/11.

While successfully proving an instance of discrimination is difficult, and while a plaintiff is certainly not required to prove her case in her initial complaint, in order to put defendants on notice and to prevent unnecessary, costly, and time-consuming litigation, a prospective plaintiff must at least make some basic factual allegation upon which a civil rights claim might be based. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. at 678 (citations and internal quotations omitted).

In his Objections, however, Plaintiff cites Swierkiewicz v. Sorema N.A. for the proposition that plaintiffs bringing discrimination claims face less-exacting pleading requirements than other would be litigants, 534 U.S. 506 (2002), and Bennet v. Schmidt for the proposition that all a plaintiff need allege is that "[he] was turned down for a job because of my race." 153 F.3d 516, 518 (7th Cir. 1998). Obj. at 3. It is unclear the extent to which Swierkiewicz survives the pleading standard as set forth in Iqbal and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Schwab v. Smalls, 435 F. App'x 37, 40-41 (2d Cir. 2011) ("Questions have been raised, however, as to Swierkiewicz's continued viability in light of Twombly and Iqbal."). However, even under a relaxed standard or even applying the pre-Iqbal/Twombly reasoning from Bennet, Plaintiff's

---

[1] See generally Ishra Solieman, Note, Born Osama: Muslim-American Employment Discrimination, 51 ARIZ. L. REV. 1069 (2009).

3

Complaint still fails to set forth even basic facts about the alleged discrimination or provide even a modicum of notice to Defendants as to which specific actions are being challenged or which individuals might be involved.  See Scaggs v. New York Dept. of Educ., No. 06-CV-0799, 2007 WL 1456221, *16-17 (E.D.N.Y. May 16, 2007) (referring to the quoted statement from Bennet, but dismissing complaint as overly vague); Aguilar v. N.Y. Convention Ctr. Operating Corp., 174 F. Supp. 2d 49, 55-56 (S.D.N.Y. 2001) (stating the rule from Bennet but holding that plaintiffs had failed to meet this standard because their complaint had been so vague as to fail to provide "minimal notice").

In this case, Plaintiff has merely made a series of conclusory statements about discrimination and general misconduct within New York State government workplaces in which – based on his Complaint – it does not appear he was employed.  See, e.g., Compl. at ¶¶ 22-53.  Indeed, much of the Complaint appears to provide more of a general outline of hypothetical causes of action that an employee or job applicant might posses than it does a description of specific incidents or situations that Plaintiff experienced.  See, e.g., Iqbal, 556 U.S. at 678; Aguilar, 174 F. Supp. 2d at 55-56. Moreover, because many of these claims are inapplicable to Plaintiff and could not be brought against the named Defendants, the Court adopts Judge Baxter's recommendation to dismiss the majority of Plaintiff's claims with prejudice.

As noted in the Report-Recommendation, however, Plaintiff could theoretically have a cause of action under Title VII against the State of New York for failure to hire based on various Defendants' refusal to allow him to take the civil service examination due to ethnicity and age. Report-Rec. at 25.  These claims, as they are currently framed in the Complaint, however, fail to state any facts beyond the assertion that Plaintiff was not allowed to take the tests as a result of

4

broad discriminatory practices and was retaliated against for challenging policies. See, e.g., Compl. at ¶¶ 14-17, 31. In order to bring these claims successfully, Plaintiff must provide more than "naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678. Because Plaintiff here has provided almost no facts and instead has relied on "conclusions or a formulaic recitation of the elements of a cause of action," but because these claims could hypothetically be brought against the named Defendants, the Court adopts Judge Baxter's recommendation to dismiss the Title VII claims against the state of New York without prejudice. By dismissing these claims without prejudice, the Court provides Plaintiff an opportunity to re-file these claims with greater factual specificity if he so desires.

**B. Lack of Basis to Amend Complaint**

As to Plaintiff's second objection that he should be permitted to amend the complaint, Plaintiff's arguments fail to persuade the Court that amendment of the claims dismessed with prejudice would not be futile. While "leave [to amend] shall be freely given when justice so requires," Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citations and internal quotations omitted), the Court may deny leave to amend if: (1) there has been undue delay; (2) plaintiff has repeatedly failed to provide satisfactory amendments; (3) amendment would prejudice the opposing party; (4) the amendment would be futile. See Forman v. Davis, 371 U.S. 178, 182 (1962). Leaving aside the issues of delay, prejudice, and failed amendments, which are largely inapplicable here, the futility of any proposed amendment to the claims dismissed with prejudice should preclude the grant of leave to amend.

While Plaintiff emphasizes the liberal pleading standards and also the expressed preference for allowing amendment, there is simply no reason to think that amendments could remedy many of

the defects present in the Complaint. See Report-Rec.; Obj. As the Report-Recommendation makes clear, many of the claims (e.g., the Monell claims, the criminal claims, and the ADA claims) cannot be brought either by this particular Plaintiff or against these particular Defendants. Therefore, it would be impossible for Plaintiff to remedy these defects. In other words, it is not just that the Complaint fails to state sufficient facts to support the claim; it is that it appears that – with the exception of the Title VII cases dismissed without prejudice – Plaintiff could not possibly state sufficient facts to support claims that might be applicable to the situations described. However, Plaintiff retains the option to amend the Complaint and re-file the two claims under Title VII, as described above.

**IV.    CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 4) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Plaintiff's Motion to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED at this time for the purposes of filing this action only**; and it is further

**ORDERED**, that the Complaint is **DISMISSED with prejudice** as frivolous or for failure to state a claim as to all Plaintiff's federal claims **EXCEPT** Plaintiff's claim against the State of New York under Title VII, alleging that he was denied the opportunity to take civil service examinations based upon age and ethnicity, and that this claim is **DISMISSED without prejudice**; and it is further

**ORDERED**, that Plaintiff is given **forty-five (45) days from the date of this Order** within which to file the appropriate amended complaint only with respect to the two previously-identified

6

Title VII claims, which shall supercede the original Complaint; and it is further

**ORDERED**, that supplemental jurisdiction of any of Plaintiff's state law claims is denied at this time, and those claims are **DENIED without prejudice**; and it is further

**ORDERED**, that if Plaintiff timely files an amended complaint, the Clerk shall return the Complaint to the Magistrate Judge for further review; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   April 16, 2012
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge