UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

IQBAL N. SULEHRIA,

                                 Plaintiff,

    -v.-                                                      1:12-CV-21
                                                              (LEK/ATB)

THE STATE OF NEW YORK,

                                 Defendant.

---

IQBAL N. SULEHRIA
Plaintiff, *pro se*

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

The Clerk has sent to the Court for review an amended complaint (Dkt. No. 8), submitted for filing by *pro se* plaintiff Iqbal N. Sulehria, pursuant to Judge Kahn's order of April 16, 2012, approving my Report-Recommendation, dated February 8, 2012. (Dkt. Nos. 4, 6; "AC").

Plaintiff originally brought this action for employment discrimination pursuant to a myriad of statutes and constitutional provisions, against several defendants. (Compl.; Dkt. No. 1). After reviewing plaintiff's initial filing, I granted plaintiff's IFP application, but recommended dismissal without prejudice as to various claims. (Dkt. No. 4). I also recommended that plaintiff be allowed to submit an amended complaint to address the deficiencies in the original. (*Id.*) Judge Kahn adopted my report recommendation, after considering plaintiff's objections, and afforded plaintiff time to file an amended complaint. (Dkt. No. 6). Plaintiff filed his amended complaint on

June 13, 2012, and the complaint has been returned to me for review. (Dkt. No. 8).

Plaintiff has changed the caption of his complaint to reflect the State of New York as the only defendant. He appears to allege that he was not allowed to take certain civil services examinations because of his nationality and his age. He is still attempting to allege claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-24; the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law §§ 290-97; and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code §§ 8-101-131. (AC at ¶ 1).

While plaintiff has rewritten parts of his complaint and made it slightly clearer, he still fails to state a claim. Thus, this court must again recommend dismissal of all claims made by plaintiff.

## DISCUSSION

**I.     ADEA, NYHRL, and NYCHRL Claims**

The Eleventh Amendment provides that states have immunity against suits in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). The Eleventh Amendment bars suits against the state, state agencies, and state officers in their official capacities. *See Huang v. Johnson*, 251 F.3d 65, 70 (2d Cir. 2001). Exceptions to Eleventh Amendment immunity exist if the state waives immunity and consents to suit in federal court, or if Congress abrogates the state's immunity by statute. *Id.* at 69-70. When the issue is waiver of immunity, the state's consent to suit must be "unequivocally expressed." *Penhurst*, 465 U.S. at 99.

Congress has abrogated the State's sovereign immunity by enacting the 1972 amendments to Title VII, pursuant to the authority of section 5 of the 14th Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445 456 (1976).  Thus, as stated in my prior recommendation, a *properly pled* claim under Title VII may proceed.  However, the amended complaint in this case still alleges claims based on the ADEA.  It has been held that the State has *not* waived its immunity, nor has its immunity been abrogated for suits in federal court under the ADEA. *Trivedi v. N.Y.S. Unified Court System Office of Court Admin.*, 818 F. Supp. 2d 712, 735-35 (S.D.N.Y. 2011) (citing *inter alia Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 67 (2000) (sovereign immunity not abrogated under the ADEA); *Darcy v. Lippman*, 356 F. App'x 434, 436 (2d Cir. 2009) (sovereign immunity not abrogated under the ADEA or the ADA)); *Canales-Jacobs v. New York State Office of Court Admin.*, 640 F. Supp. 2d 482, 498-99 (S.D.N.Y. 2009).

The Eleventh Amendment also precludes plaintiff from bringing any claims under the New York State Statutes. *Id.* at 499; *Pazamikas v. New York State Office of Mental Retardation and Developmental Disabilities*, 963 F. Supp. 190, 196-97 (N.D.N.Y. 1997).  There has been no waiver of immunity for either claims under the NYHRL or the NYCHRL. *Canales-Jacobs*, 640 F. Supp. 2d at 498-99 (Eleventh Amendment bars ADEA, NYHRL and NYCHRL claims); *Pazamikas*, 963 F. Supp. at 197 (NYHRL claims).  Thus, plaintiff may not bring any claims under the state statutes even if they are technically supplemental to the Title VII claim.  The Eleventh Amendment is an absolute bar to plaintiff's claims under these statutes, and thus, this court must again recommend dismissal of these claims.

**II.     Title VII Claims**

Under Title VII, it is unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of the individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a)(1). In order to state a claim under Title VII, plaintiff must show that he was a member of a protected class, he was qualified for the position, he suffered an adverse employment action, and the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. *Roge v. NYP Holdings, Inc.* 257 F.3d 164, 168 (2d Cir. 2001). A plaintiff relying on disparate treatment must show that he was similarly situated in all material respects to the individuals with whom he seeks to compare himself. *Mandell v. County of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003).

In my prior Report and Recommendation, I recommended dismissal without prejudice of plaintiff's Title VII claims because plaintiff failed to state a claim for relief under Title VII, but recommended that he be allowed to amend in an attempt to cure the deficiency. Notwithstanding plaintiff's slight revisions to his original complaint, he still fails to state a claim under Title VII. Although plaintiff claims that he suffered an adverse employment action because he was not hired for the jobs for which he wanted to take the examinations, his employment would have depended on his scores on the examinations. While he states that his legal degrees make him more qualified than other individuals who took the examinations and applied for the positions, there is absolutely no basis for this conclusory statement. In many

instances, plaintiff did not meet the minimum qualifications for the jobs for which he applied to take the examination.[1]  Finally, plaintiff states that he *believes* that "Christian, white, Black, Female and under 40 years of age employees are hired systematically . . . even though they do not meet the hiring criteria and for the same reasons jobs were granted in the case at hand too." (AC ¶ 20).

Plaintiff refers the court to his exhibits, showing the applications that he sent to Albany, requesting permission to take the examinations.  Plaintiff has also included descriptions of the jobs for which he was attempting to take the examinations, together with the qualifications required for those jobs. (AC, Ex. 2).  He states that he later learned about the "job denials," prior to the examination dates.  He states that he was not issued passes or permission letters to take these tests for "illegal discriminatory

---

[1] Plaintiff includes in his exhibits a description of the minimum qualifications for the jobs he was seeking. (AC, Ex. 2 at 36-47).  As an example, the plaintiff's own exhibit indicates that the minimum qualifications for the job of Employment Specialist for Individuals with Disabilities I requires a "bachelor's degree and three years of experience in originating employment programs resulting in new and increased employment opportunities for individuals with disabilities." (AC, Ex. 2 at CM/ECF page 36).  The job also requires that at least one year of experience in the preparation and delivery to business groups on employing persons with disabilities or negotiating agreements to hire persons with disabilities. (*Id.*)  A review of plaintiff's own application shows that he does not possess the minimum qualifications for this position.  Another example is the "Work Wage Investigator" position. (Ex. 2 at 46).  Plaintiff claims that he was not hired despite his greater credentials.  According to the plaintiff's exhibit, there was no written test for this position.  However, the minimum qualifications include one year of experience performing field inspections and investigating complaints of wage violations and/or other conditions of employment on construction projects or either bachelor's or associate's degrees in architectural technology or related fields. (*Id.*)  Plaintiff's application for this job lists his foreign legal degree, his New York LLM degree, and his prior work.  The court notes that plaintiff's description of his prior work differs in each application, and plaintiff includes some of the requirements of the position sought as stated in the job notice.  However, it is clear that the descriptions of his prior work are inconsistent with each other, and do not include all the minimum requirements for the posted jobs.  Thus, it is difficult to understand how, even assuming he was denied the ability to sit for the examinations, or was denied one position outright, this was based on discriminatory reasons.

5

reasons and without any bona fide business reasons." (AC ¶ 15).  However, he does not include any written denials, and there is no indication how he knows who took the examinations or who was hired for the positions he sought or how he knows that he was "more qualified" than the individuals who ultimately were hired for these positions.  Plaintiff's ability to obtain these jobs depended upon what his scores for the examinations would have been compared to other test takers.  There is no indication that plaintiff would have scored higher that anyone else, and his assumption about his higher education is unfounded.

With respect to the sixth job that plaintiff alleges that he attempted to obtain, he simply states that "[w]ith respect to [the] work wage [i]nvestigator's job, the defendant had refused to hire me despite the fact that I had higher credentials than the individuals who were hired by the department without any bona-fide business reason. (AC ¶ 16).  Although, plaintiff states in a conclusory fashion that other people were allowed to take the examinations and were awarded jobs by New York State that were not Pakistani, he never states any specifics or indicates how he became aware of the discrimination.  It is well-settled that "complaints relying on civil rights statutes are insufficient unless they contain some specific allegation of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987).  *See Polur v. Raffe*, 912 F.d 52, 56 (2d Cir. 1990) (plaintiff must allege more than conclusory allegations to avoid dismissal of a claim of conspiracy to deprive him of his constitutional rights) (citations omitted).

Plaintiff in this case has had two opportunities to properly allege a claim for employment discrimination, but has been unable to do so. His statements are completely conclusory and seem to be assumptions based simply on the fact that he is Pakistani and based on his allegedly greater education. While generally, the court must liberally construe pleadings prepared by pro se plaintiffs, plaintiff in this case states that he has both a law degree, albeit foreign, and an LLM from an American law school, and thus is not entitled to the deference that would be afforded to a non-attorney. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (a pro se lawyer is not entitled to any special consideration). Thus, this court will recommend dismissing plaintiff's amended complaint in its entirety.[2]

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's amended complaint (Dkt. No. 8) be

---

[2] The court notes that plaintiff has an extensive litigation history. He has filed lawsuits against different entities alleging almost identical claims, including the statement that defendants are all alcohol abusers and are guilty of criminal activity. *See Sulehria v. Champion Learning Center*, No. 12 Civ. 1642, at p.4 n.2 (S.D.N.Y. May 24, 2012) (order of United States District Judge Loretta Preska, directing plaintiff to file an amended complaint and listing plaintiff's "extensive" litigation history). The court notes that plaintiff filed an amended complaint in 12 Civ. 1642, which appears to be currently under review in the Southern District. In 12 Civ. 1642, plaintiff made the same conclusory allegations against the defendants for employment discrimination upon almost every conceivable basis. Some of plaintiff's prior actions have been voluntarily dismissed and one was dismissed for failure to prosecute. *Id.* (citing *Sulehria v. City of New York*, No. 07 Civ. 2116 (SHS/MHD) (S.D.N.Y. Apr. 6, 2010) (employment discrimination case voluntarily dismissed); *Sulehria v. Fordham Univ. Sch. of Business*, No. 07 Civ. 542 (DLC) (S.D.N.Y. June 6, 2007) (voluntarily dismissed); *Sulehria v. City of New York*, No. 06 Civ. 4072 (SHS/MHD) (S.D.N.Y. Mar. 23, 2007) (alleging discrimination within NYC Dep't of Correction – voluntarily dismissed); *Sulehria v. City of New York*, No. 05 Civ. 7491 (SHS/MHD) (S.D.N.Y. Apr. 6, 2010) (alleging employment discrimination – voluntarily dismissed); *Sulheria v. City of New York*, No. 05 Civ. 4486 (SHS/MHD) (S.D.N.Y. July 19, 2010) (same); *Sulheria v. New York City Dep't of Health & Human Services*, No. 02 Civ. 5270 (SJ/LB) (E.D.N.Y. Sept. 15, 2005) (dismissed for failure to prosecute).

7

**DISMISSED IN ITS ENTIRETY** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 17, 2012

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge