UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IQBAL N. SULEHRIA,

         Plaintiff,

  -against-            1:12-CV-00021 (LEK/ATB)

THE STATE OF NEW YORK,

         Defendant.

## **DECISION and ORDER**

**I. INTRODUCTION**

  This matter comes before the Court following a Report-Recommendation filed on September 17, 2012 by the Honorable Andrew T. Baxter, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York.  Dkt. No. 9 ("Report-Recommendation").  After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff Iqbal N. Sulehria ("Plaintiff"), which were filed on September 26, 2012.  Dkt. No. 10 ("Objections").  The Court has considered the Objections and has determined that the Report-Recommendation should be approved and adopted in its entirety for the reasons stated herein.

**II. BACKGROUND**

  Plaintiff originally brought this action for employment discrimination, pursuant to a vast array of statutes and constitutional provisions, against several defendants.  Dkt. No. 1 ("Complaint").[1]  After reviewing Plaintiff's initial filing, Judge Baxter granted Plaintiff's Motion to

---

[1] The Amended Complaint currently identifies the "State of New York" as the sole remaining Defendant in this action.  Dkt. No. 8 ("Amended Complaint") at 4.

proceed *in forma pauperis*, but recommended that the Court dismiss the Complaint without prejudice as to various claims. Dkt. No. 4 ("February Report-Recommendation"). On April 16, 2012, the Court adopted the February Report-Recommendation and afforded Plaintiff time to file an amended complaint. Dkt. No. 6 ("April Order"). Plaintiff filed his Amended Complaint on June 13, 2012. Dkt. No. 8 ("Amended Complaint"). In the Report-Recommendation, Judge Baxter recommends that the Court dismiss the Amended Complaint in its entirety.

The Court presumes the parties' familiarity with the factual allegations in this case and recites them here only to the extent necessary to rule on the Amended Complaint. For a complete statement of the claims and their alleged factual basis, reference is made to the Amended Complaint.

### III. STANDARD OF REVIEW

The Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### IV. DISCUSSION

Liberally construed, Plaintiff's Objections raise three primary arguments. First, Plaintiff

2

asserts that his claims were "sufficiently pleaded to satisfy the liberal notice pleading rules." Obj. at 1. Second, he states that "THE HONORABLE COURT HAS ERRED" and then recites legal standards governing discriminatory failure to hire, but provides no further analysis of how such standards relate to this matter.[2] Id. at 3-4. Third, Plaintiff argues that the Report-Recommendation at once: (1) undervalues Plaintiff's LL.B. and LL.M. in concluding that Plaintiff was not necessarily sufficiently qualified (or more qualified than other applicants) for the jobs in question; and (2) overvalues Plaintiff's LL.B. and LL.M. in concluding that Plaintiff should not be afforded the same special solicitude afforded to non-attorney *pro se* litigants. Id. at 5. For the reasons given below, the Court rejects each of these arguments.

**A. Sufficiency of Pleading**

In arguing that his Amended Complaint is sufficiently pleaded to state a claim against Defendant, Plaintiff provides citation to no specific instance in which he believes that he pleaded sufficient facts and Judge Baxter erred. See generally Obj. Instead, he simply recites the standard of review for a discrimination claim on a motion to dismiss.[3] Id. at 1-3. As a result, this argument

---

[2] The Court concludes that the first two stated objections are practically indistinguishable; therefore, the Court addresses them simultaneously but addresses the third objection separately.

[3] As he did in his Objections to the February Report-Recommendation, Plaintiff once again relies on legal precedent that predates the governing standards announced in Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Compare Obj. at 1-3, with Dkt. No. 5. at 1-3. Further, as the Court noted in adopting the February Report-Recommendation,
> Plaintiff cites Swierkiewicz v. Sorema N.A. for the proposition that plaintiffs bringing discrimination claims face less-exacting pleading requirements than other would be litigants, 534 U.S. 506 (2002), and Bennet v. Schmidt for the proposition that all a plaintiff need allege is that "[he] was turned down for a job because of my race." 153 F.3d 516, 518 (7th Cir. 1998). Obj. at 3. It is unclear the extent to which Swierkiewicz survives the pleading standard as set forth in Iqbal and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Schwab v. Smalls, 435 F. App'x 37, 40-41 (2d Cir. 2011) ("Questions have been raised, however, as to Swierkiewicz's

appears merely to state a general objection to the Report-Recommendation and, therefore, should trigger a review only for clear error. See Farid, 554 F. Supp. 2d at 307. Upon a review of the Report-Recommendation and the record, the Court finds no such error.

Even under a *de novo* review of the Amended Complaint, however, the Court concludes that Plaintiff fails to state a claim. In its April Order, the Court admonished Plaintiff that "[i]n order to bring these claims successfully, Plaintiff must provide more than 'naked assertion[s] devoid of further factual enhancement.'" Id. at 5 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). However, here, as there, Plaintiff "has provided almost no facts and instead has relied on 'conclusions or a formulaic recitation of the elements of a cause of action.'" Id. (quoting Iqbal, 556 U.S. at 678). Without any factual support, Plaintiff repeatedly alleges that he was more qualified than other job applicants and that he was not hired or invited to take entry exams due to Defendant's discriminatory animus. See generally Am. Compl. Because Plaintiff has failed to provide more than "naked assertion[s] devoid of further factual enhancement," his Amended Complaint must be dismissed.

### B. Plaintiff's Legal Degrees

Plaintiff appears to raise two arguments that relate to his Pakistani and U.S. law degrees.[4] First, Plaintiff contends that Judge Baxter erred in observing that Plaintiff may not have met minimum employment qualifications for some of the jobs to which he applied. Obj. at 5.

---

continued viability in light of Twombly and Iqbal.").
April Order at 3.

[4] Plaintiff states that he holds a Pakistani LL.B. and is licenced to practice law by the Punjab Bar Council. Am. Compl. ¶ 7. He also states that he has obtained an LL.M. from Touro Law Center in Long Island, New York. Id.

Specifically, Plaintiff states that "[t]his reason must be rejected because Magistrate Judge Baxter has not given any theory which explains . . . why an LL.M. degree holder cannot perform the alleged jobs in this case." Id. Plaintiff's argument misses a critical step: Plaintiff claims that he was not hired due to racial animus and offers in support of this claim the fact that he possesses an LL.M.; however, he makes no claim that any of the jobs for which he applied required legal training or involved any areas in which his legal skills might be either required or necessary. Holding an advanced legal degree does not qualify Plaintiff for every job and does not necessarily make him more qualified for some jobs than an individual with little or no legal training. The Court, therefore, concludes that Plaintiff's educational background does not alter the analysis of his claims or dictate a different outcome than the one reached by Judge Baxter.

Plaintiff additionally appears to contend that he should be afforded special solicitude as a *pro se* litigant and that Judge Baxter erred in concluding that Plaintiff is not entitled to such special deference due to his legal credentials. Id. at 5. In conducting its review of Plaintiff's submissions and the Report-Recommendation, the Court has liberally construed Plaintiff's claims and arguments. However, as discussed, *supra*, the Court has reached the same result as Judge Baxter. Therefore, the Court concludes that the decision to grant or withhold special solicitude to Plaintiff has no effect on the resolution of this matter and on the decision to dismiss the Amended Complaint.[5]

## V. CONCLUSION

Accordingly, it is hereby:

---

[5] "The court at every stage of the of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." FED. R. CIV. P. 61; McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553 (1984).

**ORDERED**, that the Report-Recommendation (Dkt. No. 9) is **APPROVED** and **ADOPTED in its entirety**; and it is further

**ORDERED**, that the Amended Complaint (Dkt. No. 8) is **DISMISSED in its entirety** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     October 15, 2012
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge